# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS
**100 N.E. Monroe Street, Room 216, Federal Building, Peoria, IL   61602-1003**

| | |
|---|---|
| In re: ) | |
| ) | |
| KNUTT, Shirley M., ) | Case Number 12-80044 |
| ) | (Chapter 7) |
| ) | |
| Debtor ) | |

## NOTICE OF OBJECTION TO CLAIM

CHARLES E. COVEY, trustee herein, hereby objects to **Claim No. 5-1** filed by **eCAST Settlement Corporation** in the sum of **$196.07**.   Said claim may be reduced, modified or eliminated. The basis for the objection is indicated below:

( )   1.   This debt appears to be a debt of _____ and not the debtors, personally. Therefore, the claim is disallowed.

( )   2.   According to the books and records of the debtor, the creditor is indebted to the estate in the sum of $_____ for _____. Therefore, the estate is entitled to a set-off in said amount under § 553 of the Bankruptcy Code and claim should only be allowed in the amount filed less the amount of the indebtedness claimed by the trustee.

( )   3.   Pursuant to the bankruptcy schedules, the debtor is not indebted to the claimant.

( )   4.   The claim is filed as a priority claim but does not appear to be entitled to priority status pursuant to § 507(d) of the Bankruptcy Code.   The trustee consents to the allowance of this claim as a timely filed, general unsecured claim in the sum of $_____.

( )   5.   This claim is filed as secured and only unsecured claims are entitled to share in dividends. Therefore, the entire claim (both secured and unsecured portions) is DISALLOWED. **THE CLAIMANT SHOULD FILE AN AMENDED CLAIM WITH THE COURT SETTING FORTH ANY UNSECURED DEFICIENCY (WITH ATTACHED ITEMIZATION).**

( )   6.   This claim is a duplicate of Claim No.___ and is denied in its entirety.

( )   7.   This claim is late filed and is, therefore, subordinated to all timely filed claims.

(**X**)   8.   Other: **Claimant was paid $68.26 of their claim through debtor's chapter 13 plan before debtor converted to chapter 7. The trustee will allow an unsecured claim of $127.81, which represents the remaining balance on the claim.**

If you disagree with the objection, you should file an answer and/or amended claim with the Bankruptcy Court within thirty (30) days from the date of this notice. You must file your answer early enough so that the court will receive it on or before June 11, 2015. You must serve a copy of your answer on the trustee and all parties listed on the proof of service, which is attached hereto. **ABSENCE OF A TIMELY ANSWER WILL CONSTITUTE A CONSENT TO THE ENTRY OF AN ORDER ALLOWING OR DISALLOWING THE CLAIM AS SET FORTH IN THE OBJECTION.**
For information regarding mandatory electronic filing, go to **www.ilcb.uscourts.gov**.

Dated: May 12, 2015          /s/ Charles E. Covey
                             Charles E. Covey, Trustee

## PROOF OF SERVICE

I, the undersigned, hereby certify that I mailed a copy of the above-document to the following by first-class mail, postage pre-paid, on May 12, 2015:

eCAST Settlement Corp., c/o Bass & Associates, P.C., 3936 E. Ft. Lowell, Suite 200, Tucson, AZ 85712

A copy of this pleading is being electronically served on the United States Trustee and debtor's attorney by the Bankruptcy Court.

            /s/ Charles E. Covey
            Charles E. Covey, Trustee

Mr. Charles E. Covey
Trustee in Bankruptcy
416 Main Street, Suite 700
Commerce Bank Building
Peoria, Illinois 61602-1180
Telephone: (309)674-8125